## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| MAYUME FLOR SORIANO LAPA, | * | |
| Petitioner, | * | |
| v. | * | Civ. No. 8:26-cv-00492-PX |
| MARKWAYNE MULLIN *et al.*, | * | |
| Respondents. | * | |

***

## <u>MEMORANDUM ORDER</u>

Pending is Mayume Flor Soriano Lapa ("Soriano Lapa")'s Motion to Enforce the Court's Habeas Order, ECF No. 18,[1] in which she contends that the Immigration Judge ("IJ") failed to conduct a bond hearing that comports with due process.[2] Specifically, Soriano Lapa argues that the bond hearing was constitutionally inadequate because (1) the IJ failed to produce a "reliable and intelligible record" of the proceedings, (2) the IJ impermissibly placed the burden on Soriano Lapa, (3) the IJ delayed issuing the decision by two weeks, and finally, (4) the IJ "rested on de minimis and speculative considerations rather than substantial evidence." *Id.* at 3. Accordingly, she asks this Court to order a new bond hearing before a different IJ to consider only the "constitutionally permissible factors of flight risk and danger to the community." *Id.* at 4. For the following reasons, the Motion is DENIED.

This Court lacks jurisdiction to review individualized bail review proceedings in the absence of a challenge to the constitutionality of the statutory framework itself. *See Pinto-Nunez v. Bondi*, No. CV MJM-26-397, 2026 WL 672770, at *2 (D. Md. Mar. 10, 2026). *See also Demore*

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), former DHS Secretary, Kristi Noem, is replaced with the current Secretary, Markwayne Mullin.

[2] Soriano Lapa's first Motion to Enforce the Court's Habeas Order, ECF No. 12, is denied as moot.

*v. Kim*, 538 U.S. 510, 517 (2003).  Here, Soriano Lapa "has not advanced a facial constitutional challenge to a statutory scheme or even to the wholesale evidentiary practices employed in immigration court," but instead "challenges the quantum and nature of evidence placed before the IJ during her bond hearing."  *Chavez de Vasquez v. Baker*, No. CV SAG-25-03657, 2025 WL 3713773, at *1 (D. Md. Dec. 23, 2025).  Further, to the extent she challenges the hearing as procedurally deficient, it was not.  A review of the hearing transcript reflects that Soriano Lapa had the benefit of competent counsel, was permitted to introduce evidence, and testified on the circumstances surrounding her missed check-in appointments.  ECF No. 20 at 4–5.  Soriano Lapa also retained the right to appeal the denial of the bond to the Board of Immigration Appeals.  *Miranda v. Garland*, 34 F.4th 338, 347 (4th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1236.1(d)(3)).  Because Soriano Lapa had been afforded a constitutionally adequate bond hearing, the Court must deny the requested relief.  *Pinto-Nunez*, 2026 WL 672770, at *2 (collecting cases).

Accordingly, it is this 4th day of May 2026 by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1.  Petitioner Mayume Flor Soriano Lapa first Motion to Enforce Habeas Order, ECF No. 12, is **DENIED as moot**; and

2.  Petitioner Mayume Flor Soriano Lapa's second Motion to Enforce Habeas Order, ECF No. 18, is **DENIED**;

3.  The Clerk is **DIRECTED** to **CLOSE** this case.

| | |
|---|---|
| __05/4/2026__ | ___/s/_____ |
| Date | PAULA XINIS |
| | United States District Judge |